UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SUSAN WASSERMAN**

    **Plaintiff,**

                              Civil Action 2:24-cv-3935
   v.                        Chief Judge Sarah D. Morrison
                              Magistrate Judge Elizabeth P. Deavers

**ROBERT E. WEIR,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court to consider a motion to stay discovery filed by Defendant Robert E. Weir. (ECF No. 15.) Plaintiff, Susan Wasserman, a licensed attorney representing herself in this matter,[1] has responded and Mr. Weir has filed a Reply. (ECF Nos. 21, 27.) For the following reasons, the motion (ECF No. 15) is **GRANTED.** All discovery is **TEMPORARILY STAYED** pending resolution of Defendant's Motion for Judgment on the Pleadings (ECF No. 16).

---

[1] The Court notes Plaintiff's suggestion in her briefing that, as a pro se litigant, her filings are entitled to liberal construction. (ECF No. 21 at 3.) Plaintiff is mistaken. To be clear, "[p]ro se litigants who are attorneys, 'are not accorded the same consideration as *pro se* litigants who lack substantial legal training ... [ ] ... [B]ecause an attorney *pro se* litigant would be held to the standard of an attorney in representing others, it is not unfair to hold [the litigant] to the same standard when representing himself." *Jones v. Miramed Revenue Grp., LLC*, No. CV 18-11542, 2019 WL 2521134, at *2 (E.D. Mich. May 14, 2019), *report and recommendation adopted*, No. 18-CV-11542, 2019 WL 2513344 (E.D. Mich. June 18, 2019) (citation and quotation omitted); *see also Sevier v. Apple, Inc.*, No. 3:13-0607, 2015 WL 4873122, at *9 (M.D. Tenn. Aug. 13, 2015), *aff'd* (Sept. 6, 2016) ("Plaintiff is an attorney and, therefore his filings are not entitled to such deference [given to *pro se* litigants].")

# I.

Briefly, in his dispositive motion, Mr. Weir summarizes the somewhat detailed factual background of this case. Although his summary is largely a simple chronology, Plaintiff takes issue with Mr. Weir's recitation. (*See* ECF No. 20 at 21.) Nevertheless, strictly as context for the current discovery motion and nothing more, the Court sets forth that recitation here.

> In its simplest form, this action stems from Plaintiff's representation of Elizabeth Koeberer in re-opening the Estate of Ruth Wilson in the Franklin County Probate Court ("Estate Matter") in August of 2018 to contest the creation of the testamentary Elizabeth Koeberer Trust Fund. (*See* Motion to Reopen the Estate of Ruth J. Wilson, *In re The Estate of Ruth J. Wilson*, Franklin County, Ohio Probate Court, Case No. 563322, attached hereto as Exhibit A). In this matter, Mr. Weir represented the executor of the estate, Edson Wilson, who is Ms. Koeberer's brother. (*See* Compl., ¶27). Mr. Weir is also the Trustee of the Elizabeth Koeberer Trust which was created as a testamentary trust through Ruth Wilson's will. (*Id.*). Ms. Koeberer is the sole beneficiary of the Trust. (*Id.* at ¶28).
>
> During the Estate Matter, Ms. Koeberer asked Mr. Weir, as her Trustee, to disperse to her $46,546.50 from the Trust funds for payment of Plaintiff's attorneys' fees. (*Id.* at ¶46). Mr. Weir, as attorney for the Administrator of the Estate, filed a Memorandum in Opposition to Ms. Koeberer's petition on January 15, 2021 on the grounds the action was frivolous. (*See* Combined Memorandum in Opposition, Case No. 563322, attached hereto as Exhibit B). The court granted Mr. Weir's Opposition and denied Ms. Koeberer's petition finding that the re-opening of the estate indeed constituted frivolous conduct. (*See* Magistrate Decision, Case No. 563322, attached hereto as Exhibit C). On December 27, 2023, sanctions were imposed on Ms. Koeberer and Plaintiff for filing the frivolous motion to re-open the estate, which remains pending on appeal. (*See* Compl., ¶84).
>
> On April 20, 2022, Ms. Koeberer brought an action in the Franklin County Court of Common Pleas ("Trust Matter") against Mr. Weir, in his role as Trustee, for professional negligence, conflict of interest, and breach of fiduciary duty and trust construction. (*See* Complaint, *Elizabeth W. Koeberer, Beneficiary of the Elizabeth W. Koeberer Trust v. Robert E. Weir, et al.*, Franklin County, Ohio Court of Common Pleas, Case No. 22CV002604, attached hereto as Exhibit D). Specifically, Ms. Koeberer brought this action against Mr. Weir for failing to authorize the payment of Plaintiff's attorneys' fees in the Estate Matter. (*Id.*).
>
> In response, on May 31, 2022, Mr. Weir, as Trustee, filed a third-party complaint against Plaintiff claiming negligence, intentional interference with the administration of trust, frivolous conduct, and fraud. (*See* Third-Party Complaint, Case No. 22CV002604, attached hereto as Exhibit E). Mr. Weir brought this action

>against Plaintiff to recover the costs to defend himself on the grounds that the underlying action was baseless because Plaintiff was not entitled to payment of her attorneys' fees for bringing the frivolous Estate Matter. (*Id*.). On April 4, 2023, the court dismissed Mr. Weir's third-party complaint for lack of subject matter jurisdiction. (*See* Decision and Entry Granting Motion to Dismiss Third-Party Complaint, Case No. 22CV002604, attached hereto as Exhibit F). Mr. Weir has since filed several additional actions against Plaintiff to try and recover the Trust funds Mr. Weir expended to defend himself in this Trust Matter. (*See* Compl., ¶¶87-88, ¶91).
>
>Plaintiff brings this immediate action against Mr. Weir in connection to his filing of the third-party complaint and subsequent collection actions taken against her. (*Id*. at ¶¶104-149). Specifically, Plaintiff claims that Mr. Weir wrongfully brought the third-party complaint against her and that his collection efforts constitute harassment. (*Id*.).

(ECF No. 16 at 2-4.)[2]

Mr. Weir has filed the current motion requesting that the Court stay discovery pending the resolution of his motion for judgment on the pleadings. According to Mr. Weir, his dispositive motion establishes that the causes of action asserted against him fail as a matter of law, including based on statute of limitations and immunity defenses. As a result, in his view, Plaintiff does not need to conduct discovery in order to defend against his Motion. Further, Mr. Weir asserts that Plaintiff will not be prejudiced by a stay of discovery because this case is in its earliest stages meaning Plaintiff will have plenty of time to conduct discovery and file a dispositive motion should the Court deny his dispositive motion.

---

[2] As further context, prior to filing the current action, on June 20, 2024, Ms. Wasserman filed a Notice of Removal in this Court of *Robert Weir, Trustee, vs. Susan Wasserman*, No. 2024JG9836, filed in the Franklin County Court of Common Pleas. That case was filed here as Case No. 2:24-cv-3334 and the current action has been deemed a related case. By Order dated October 9, 2024, in Case No. 2:24-cv-3334, Mr. Weir's Motion to Remand and for an Order Awarding Fees for Improper Removal (ECF No. 5) was granted in part and denied in part. The Court ordered Ms. Wasserman to pay the attorneys' fees and costs incurred by Mr. Weir's counsel as a result of her improper removal. Mr. Weir was ordered to submit an accounting of his attorneys' fees and costs to Ms. Wasserman and the Court within fourteen (14) days of that Order, after which the case will be remanded to the court from which it was removed (the Court of Common Pleas for Franklin County, Ohio). (ECF No. 8.) That case remains pending here.

Plaintiff's response to the motion to stay appears directed to the merits of Mr. Weir's dispositive motion. While the Court declines to undertake a direct comparison, at quick glance Plaintiff's responses to both motions appear very similar. (ECF Nos. 20, 21.)

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary

judgment motion).  Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion."  *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'"  *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

Applying the above factors, the Court concludes that, under the particular circumstances of this case, it is a better exercise of its broad discretion to temporarily stay all discovery pending resolution of the motion for judgment on the pleadings.  Admittedly, this Court repeatedly has held that a garden-variety motion to dismiss under Rule 12(b)(6) ordinarily is insufficient to warrant a stay of discovery.  The Court considers each case on its own merit, however, including the nature of the issues in dispute.  Here, while resolution of the pending dispositive motion could dispose of this action, even short of that, the resolution could clarify the issues presented.  Thus, from a pragmatic perspective, a temporary stay pending such resolution could preserve both judicial and counsel's resources.

Moreover, this case is in its initial stages.  For this reason, the Court cannot conceive how Plaintiff will be unduly prejudiced or tactically disadvantaged by a short stay designed to simplify the discovery process.  Importantly, Plaintiff offers no argument on this point.  And, Plaintiff does not suggest that she lacks the information necessary to properly respond to the dispositive motion.  Indeed, she has filed her response to that motion.  (*See* ECF No. 20.)

**IV.**

For these reasons, Defendant Robert E. Weir's motion to stay discovery (ECF No. 15) is **GRANTED.**  The Court **TEMPORARILY STAYS** all[3] discovery pending resolution of the motion for judgment on the pleadings (ECF No. 16).

**IT IS SO ORDERED.**

Date:  January 17, 2024  　　　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[3]On December 22, 2024, Plaintiff filed a Notice of Voluntary Dismissal purporting to dismiss without prejudice her claims against Defendants Carlile Patchen & Murphy LLP, Ryan A. Gordon, Esq., and The Law Office of Ryan Gordon, Esq., LL.M., LLC. (ECF No. 24.) By Order dated December 27, 2024, the Court directed the Clerk to strike that filing as procedurally defective and advised Plaintiff of her ability to file a procedurally proper motion.  (ECF No. 25.) In the meantime, an unopposed Motion to Dismiss with prejudice filed by Carlile Patchen & Murphy LLP remains pending.  (ECF No. 14.)  Given Plaintiff's apparent intention to dismiss her claims against these Defendants she cannot claim any prejudice from a temporary stay of all discovery.