UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN WASSERMAN,

      Plaintiff,

  v.

ROBERT WEIR, TRUSTEE, *et al.*,

      Defendants.

:

Case No. 2:24-cv-3935
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth Preston Deavers

:

## OPINION AND ORDER

This matter is before the Court on Robert E. Weir's[1] Motion for Judgment on the Pleadings. (MJOP, ECF No. 16.) The MJOP is fully briefed and ripe for decision. Also before the Court are the Motions to Dismiss filed by Ryan A. Gordon, Esq. and The Law Office of Ryan Gordon, Esq., LL.M., LLC ("Gordon Defendants") and Carlile Patchen & Murphy, LLP ("Carlile"). (ECF Nos. 12, 14.) Plaintiff Susan Wasserman did not respond to the Motions to Dismiss.[2]

For the reasons below, the Gordon Defendants' and Carlile's Motions are **GRANTED** and Mr. Weir's Motion is **GRANTED in part** and **DENIED in part**.

---

[1] Ms. Wasserman's Complaint (ECF No. 1) names Mr. Weir as a defendant in three capacities: "Robert E. Weir, Attorney at Law", "Robert E. Weir, Successor Trustee", and "Robert E. Weir, individually". Mr. Weir's MJOP seeks dismissal of Ms. Wasserman's claims against him in all three capacities. (MJOP.)

[2] Ms. Wasserman was granted an extension of time to respond to both Motions to Dismiss (ECF No. 19) but she still did not file any response.

1

I.  BACKGROUND

On a Motion for Judgment on the Pleadings and Motion to Dismiss, all factual allegations in the complaint are accepted as true but legal conclusions are not. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). In addition, a court can consider "any exhibits attached [to the Complaint], public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (considering a 12(b)(6) motion, which is analyzed under a similar standard to a MJOP). "Court filings and docket entries are considered matters of public record which may be consulted in deciding a Rule 12(b)(6) motion." *Patterson v. Chambers-Smith*, No. 3:21-CV-2210, 2023 WL 3467477, at *1 (N.D. Ohio Apr. 25, 2023) (citation omitted).

Ms. Wasserman filed this action against Mr. Weir, the Gordon Defendants, Carlile, and thirty Doe Defendants, asserting tort claims (Counts I, II, IV and V) against Mr. Weir and the Doe Defendants and a declaratory judgment claim (Count III) against all the Defendants.

**A.   Mr. Weir**

This case is one of many between Ms. Wasserman and Mr. Weir; in some cases, they are counsel of record and in some they are parties.

Ms. Wasserman is an attorney who has represented Elizabeth W. Koeberer in the Estate of Ruth Wilson ("the Estate"); that case remains pending in the Franklin

2

County, Ohio Court of Common Pleas, Probate Division Case No. 563322.[3] (Compl., ECF No. 1, ¶ 24–25.) Mr. Weir represents Ms. Koeberer's brother Edson Wilson, and he also represents the beneficiaries of the "Elizabeth W. Koeberger Trust".[4] (*Id.* ¶ 27.) Ms. Wasserman claims that Ms. Koeberer is the sole vested and current income beneficiary of the Koeberger Trust. (*Id.* ¶ 48.)

In August 2018, Ms. Wasserman filed a motion in the Probate Court seeking, among other things, to reopen the Estate. (*Id.* ¶¶ 33, 49.) After Ms. Wasserman filed her motion, the parties engaged in settlement negotiations that were ultimately unsuccessful. (Ex. C to Motion at PAGEID # 183.) Ms. Wasserman's Complaint in this case talks about those negotiations, including the exchange of a tolling agreement (Compl., ¶¶ 36–41); she alleges that Mr. Weir sent her a series of emails with "material representations" in support of the tolling agreement. (*Id.* ¶ 42.) She also alleges that she relied on Mr. Weir's representations and an agreement to pay her attorney's fees, but he then "repudiated his actions." (*Id.* ¶¶ 46, 52–54, 57.)

On May 7, 2021, the Probate Court denied Ms. Wasserman's motion to reopen the Estate as "indefensible and wholly without merit." (Ex. C at PAGEID # 186.) In doing so, that court also set a hearing on the award of fees and expenses in favor of Mr. Weir's client. (*Id.*) Then, in April 2023, following extensive motion practice and

---

[3] The full probate court docket can be found on the Franklin County, Ohio Court of Common Pleas, Probate Division website, Case No. 563322. *See* https://probate.franklincountyohio.gov/record-search/general-case-index, last accessed April 29, 2025.

[4] Ms. Koeberer's name was misspelled in the Trust as "Koeberger". (Compl., ¶¶ 29–30.)

3

other procedural machinations, the Probate Court again found Ms. Wasserman's efforts to reopen the Estate were frivolous. (*Id.* at PAGEID # 204.) The Probate Court further found that Ms. Wasserman's conduct during the prosecution of various motions for sanctions "is some of the most egregious behavior by an attorney and a party this magistrate has seen in over four decades of probate practice, both in private practice and on the bench." (*Id.* at PAGEID # 206.) The Probate Court ordered Ms. Wasserman and Ms. Koeberer, jointly and severally, to pay attorneys' fees in excess of $175,000 to other parties and attorneys as sanctions for their conduct in the litigation in the Estate. (*Id.* at PAGEID # 213–214.)

Ms. Wasserman and Elizabeth Koeberer have appealed the sanctions issued against them by the Probate Court. (Compl., ¶¶ 76, 77, 84, 86.) Ms. Wasserman claims that Mr. Weir left her a voicemail to intimidate and pressure her with regard to that appeal. (*Id.* ¶¶ 92–93.)

While those machinations were going on, Ms. Wasserman claims that, in August 2021, Mr. Weir sent her an email threatening to file a malpractice suit against her on behalf of the Koeberger Trust. (*Id.* ¶ 65.) Ms. Koeberer then filed a professional negligence suit against Mr. Weir, which suit is still pending in the Franklin County, Ohio Court of Common Pleas, Case No. 22 CV 2604 (the "Professional Negligence Action"). (*Id.* ¶ 66.) In that suit, Mr. Weir filed a third-party complaint in that action against Ms. Wasserman alleging negligence, intentional interference with the administration of trust, frivolous conduct, and fraud – his third-party complaint was dismissed by the court. (*Id.* ¶¶ 67, 71.) Ms.

4

Koeberer is seeking in the Professional Negligence Action, among other damages, the legal fees she owes Ms. Wasserman. (*Id.* ¶¶ 72, 138.)

Ms. Wasserman's Complaint sets forth additional gripes and allegations against Mr. Weir, but none appear to relate to the bases for her five claims against Mr. Weir individually, as an attorney, and as Trustee of the Koeberger Trust.

### B. Carlile

Carlile is a law firm representing the Estate of Ruth Wilson; the Estate was one of the entities awarded sanctions by the Probate Court. Carlile certified the Probate Court judgment as to the Estate's attorney's fees in the Franklin County, Ohio Court of Common Pleas, Case No. 24-JG-53372. (ECF No. 6, PAGEID # 75).[5]

### C. Gordon Defendants

The Gordon Defendants originally represented Ms. Koeberer in the Professional Negligence Action. They later withdrew from representing Ms. Koeberer and then filed suit against her to recover their unpaid attorney's fees in the Franklin County, Ohio Court of Common Pleas, Case No. 22 CV 5253.

## II. STANDARDS OF REVIEW

The Gordon Defendants and Carlile moved to dismiss Ms. Wasserman's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); Mr. Weir moved for judgment on the pleadings pursuant to Rule 12(c).

---

[5] Ms. Wasserman has since sought to remove Carlile's state court collection action to this Court; the removal is pending in *Carlile Patchen & Murphy, LLP v. Koeberer*, Case No. 24-cv-4280 (S.D. Ohio filed Dec. 18, 2024).

Rule 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, the Gordon Defendants and Carlile bring a facial attack to Ms. Wasserman's declaratory judgment claim (Count III) for lack of ripeness, i.e., they do not dispute the Complaint's factual assertions. (*See* ECF Nos. 12, 14.) A facial attack "questions merely the sufficiency of the pleading[,]" and a reviewing court therefore takes the allegations in the complaint as true. *Id.* To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)(1)). "A facial attack on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss." *Hartman v. Acton*, 499 F. Supp. 3d 523, 528 (S.D. Ohio 2020) (Marbley, C.J.) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

Rule 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

6

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

A Rule 12(c) motion for judgment on the pleadings is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). A Rule 12(c) motion should be granted when there is no material issue of fact, and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

## III. ANALYSIS

### A. Ms. Wasserman's declaratory judgment Claim (Count III) is not ripe.

Carlile and the Gordon Defendants first argue that the Court lacks subject matter jurisdiction over Ms. Wasserman's declaratory judgment claim (Count III) because it is not ripe. Subject matter jurisdiction is "a threshold determination." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007).

Article III limits "federal courts to hear only actual cases and controversies." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). A claim must be ripe for a federal court to have subject matter jurisdiction. *Doe v. Oberlin Coll.*, 60 F.4th 345, 355 (6th Cir. 2023); *Wedgewood Ltd. P'ship I. v. Twp. of Liberty, Ohio*, 456 F. Supp. 2d 904, 918 (S.D. Ohio 2006) (Marbley, J.). "A claim is unripe when 'it rests upon contingent

future events that may not occur as anticipated or indeed may not occur at all.'" *Cath. Healthcare Int'l, Inc. v. Genoa Charter Twp.*, 82 F.4th 442, 448 (6th Cir. 2023) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). If a claim is not ripe, the Court must dismiss it for lack of subject matter jurisdiction. *Bigelow v. Michigan Dep't of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992).

For her declaratory judgment claim, Ms. Wasserman asks the Court to declare that Ms. Koeberer's Professional Negligence Action against Mr. Weir is a "lien" that Ms. Wasserman has secured and that said "lien" has "priority" over various other lawsuits and judgments involving Ms. Koeberer, which Ms. Wasserman also characterizes as "liens". (Compl., ¶¶ 128–140.) But there are no allegations or public documents indicating that any court has awarded Ms. Wasserman attorney's fees, or that she has perfected a lien against Ms. Koeberer or the Trust. Her request for the Court to declare the priority of some future lien she may secure is not ripe, depriving the Court of Article III subject matter jurisdiction.

Ms. Wasserman's declaratory judgment claim (Count III) is **DISMISSED**.

### B. Mr. Weir is entitled to an absolute privilege on Counts I, II, IV, and V.

As to Ms. Wasserman's remaining tort claims (Counts I, II, IV, and V) against Mr. Weir, he argues that he is entitled to an absolute privilege.

The doctrine of litigation privilege is designed to protect parties to a judicial proceeding from defamation claims based on any statement that "bears some reasonable relation to the judicial proceeding in which it appears." *Surace v.*

8

*Wuliger*, 25 Ohio St.3d 229 (1986), paragraph one of the syllabus. The privilege "provides absolute immunity to parties, witnesses, lawyers, and judges from future lawsuits for *statements* made during and relevant to judicial proceedings." *Reister v. Gardner*, 2020-Ohio-5484, ¶8 (emphasis in original). For the privilege to apply, the statement at issue "'must be pertinent and material to the matter in hand[,]'" meaning that "'it must tend to prove or disprove the point to be established, and have substantial importance or influence in producing the proper result.'" *Surace* at 231, quoting *Mauk v. Brundage*, 68 Ohio St. 89, 97 (1903). "'Whether or not the occasion gives the privilege is a question of law for the court.'" *Id.*, quoting *Mauk* at 97–98; *see also Modler v. Modler*, 2000 WL 1162033, *3 (2d Dist. Aug. 18, 2000).

In response to Mr. Weir's assertion of the litigation privilege, Ms. Wasserman argues that the litigation privilege is limited to defamation claims. But the Ohio Court of Appeals, Second District, has squarely addressed this issue:

> [W]e agree with the trial court's assessment that the [litigation] privilege's scope is not limited to defamation claims. The Supreme Court of Ohio has held that "[a] statement made in the course of an attorney disciplinary proceeding enjoys an absolute privilege against *a civil action* based thereon as long as the statement is relevant and material to the proceeding." (Emphasis added.) *Hecht v. Levin*, 66 Ohio St.3d 458, 613 N.E.2d 585 (1993), paragraph two of the syllabus. One month ago, the same Court pronounced that "[t]he litigation privilege provides absolute immunity to parties, witnesses, lawyers, and judges from *future lawsuits* * * *." (Emphasis added.) *Reister* at ¶ 8, citing *Erie Cty. Farmers' Ins. Co. v. Crecelius*, 122 Ohio St. 210, 171 N.E. 97 (1930), syllabus; *Willitzer*, 6 Ohio St.3d at 448-449, 453 N.E.2d 693; *Surace*, 25 Ohio St.3d 229, 495 N.E.2d 939, syllabus; *Hecht* at 460, 613 N.E.2d 585. The Court then emphasized: "To be clear, it still does that." *Id*.

Decisions of numerous other Ohio courts also support a conclusion that

9

> the privilege bars not only defamation claims. *See, e.g., Nationstar Mtge., LLC v. Ritter*, 10th Dist. Franklin Nos. 14-AP-1000, 2015-Ohio-3900, 2015 WL 5638100, ¶ 4 (the trial court applied absolute privilege to bar fraud and intentional infliction of emotional distress claims); *Seminatore v. Dukes*, 8th Dist. Cuyahoga No. 84032, 2004-Ohio-6417, 2004 WL 2756225, ¶ 37-38 (finding civil conspiracy claim and other possible state law claims barred by absolute immunity). At least one Ohio court has found absolute immunity to bar a civil aiding and abetting claim. *See Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 95673, 2011-Ohio-351, 2011 WL 319956.

*Newman v. Univ. of Dayton*, 2021-Ohio-1609, ¶¶ 43–44 (2d Dist.) (emphasis in original).

Ms. Wasserman's tort claims against Mr. Weir arise out of the Probate Court proceedings in the Estate and his filing of a third-party complaint in the Franklin County, Ohio Court of Common Pleas. Ms. Wasserman does not dispute that the basis for her claims against Mr. Weir is his statements during and relevant to state court judicial proceedings. As such, her tort claims are barred by the litigation privilege and Mr. Weir is **GRANTED** judgment on those claims.

## IV. DOES 1-30

As noted above, Ms. Wasserman's Complaint names thirty Doe Defendants. Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time....

Fed. R. Civ. P. 4(m). In addition, Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in the complaint. Though the naming of pseudonymous defendants is permissible where the party requires discovery to

10

identify the true identity of the defendants, the party must subsequently amend the complaint to reflect the discovered identities and effect service over those named parties within Rule 4(m)'s 90-day window. *See Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and failed to serve them within Rule 4(m) timeframe).

Because Ms. Wasserman has failed to timely substitute in the real names and effect service over her Doe Defendants, the Court **ORDERS** her to **SHOW CAUSE WITHIN FOURTEEN DAYS** why this Court should not dismiss the Doe Defendants without prejudice for failure to effect service pursuant to Rule 4(m).

V. CONCLUSION

The Gordon Defendants' and Carlile's Motions to Dismiss (ECF Nos. 12, 14) are **GRANTED** and Mr. Weir's Motion for Judgment on the Pleadings (ECF No. 16) is **GRANTED in part** and **DENIED in part**. Finally, Ms. Wasserman is **ORDERED** to **SHOW CAUSE WITHIN FOURTEEN DAYS** why this Court should not dismiss the Doe Defendants without prejudice for failure to effect service pursuant to Rule 4(m).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**